**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000363**
**16-SEP-2016**
**01:38 PM**

NO. CAAP-15-0000363

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ROBERT FLUBACHER, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 14-1-00004)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Leonard and Reifurth, JJ.)

Petitioner-Appellant Robert Flubacher appeals from the Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody Without a Hearing, filed on April 2, 2015, in the Circuit Court of the First Circuit ("Circuit Court").[1] On appeal, Flubacher contends that the Circuit Court erred by denying his Hawaiʻi Rules of Penal Procedure ("HRPP") Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Petition"), filed January 27, 2014, and his First Amended Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Amended Petition"), filed August 21, 2014, without a hearing.

Flubacher contends that his extended sentence was illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Ring v. Arizona*, 536 U.S. 584 (2002). He claims that he is not requesting retroactive application but only "application of *Apprendi*, *Ring*, and 'Cunningham' [*v. California*, 549 U.S. 270

---

[1] The Honorable Richard K. Perkins presided.

(2007)] *by itself*, separate from *Blakely* [*v. Washington*, 542 U.S. 296 (2004)] and [*United States v.*] *'Booker'*[, 543 U.S. 220 (2005)]." In the alternative, Flubacher claims that he is entitled to retroactive application of *Apprendi* and that *Loher v. State*, 118 Hawaiʻi 522, 193 P.3d 438 (App. 2008) *overruled in part by State v. Auld*, 136 Hawaiʻi 244, 254, 361 P.3d 471, 481 (2015), is not controlling authority in his case.

Flubacher asserts that the remaining claims in his petition were not waived. However, Flubacher only provides an argument with respect to his claim that the Circuit Court improperly considered a fact not in evidence-that he hit a woman with a hammer-when deciding to impose extended terms of imprisonment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Flubacher's points of error as follows, and affirm:

On June 12, 2003, Flubacher pled guilty to charges in five different cases: (1) Cr. No. 01-1-2788 (from December 3-10, 2001, drove a car without the owner's permission and without a driver's license); (2) Cr. No. 01-1-2789, ( on December 4, 2001, kicked a woman in the face while taking her purse and her father's car, hit two men with a hammer, and stabbed one man in the knee); (3) Cr. No. 02-1-0089 (on December 8, 2001, robbed the 7-11 store on Kapiolani Blvd. while brandishing a knife); (4) Cr. No. 02-1-0090 (on December 9, 2001, robbed the French Wrench gas station while brandishing a knife); and (5) Cr. No. 02-1-0125 (on December 6, 2001, robbed the 7-11 store on Ala Moana Blvd. while brandishing a knife).

On September 12, 2003, Flubacher was sentenced in each of the five cases. The Circuit Court then heard the State's Motion for Extended Term of Imprisonment in relation to each of the five cases. The court granted the motion, finding that Flubacher was a "multiple offender" within the meaning of Hawaii Revised Statutes § 706-662(4)(a), that he was on parole in Cr. No. 96-1373 when he committed the instant offenses, that he posed a serious threat to the community, and that his long-term

incarceration was necessary for the public. Consequently, the court extended Flubacher's sentences as follows:

In Cr. No. 01-1-2788, five year term of imprisonment to ten years; in Cr. No. 01-1-2789, twenty year term of imprisonment to life with the possibility of parole in Count I, ten year terms of imprisonment to 20 years in Counts II and III, and five year terms of imprisonment to ten years in Counts IV and V; and in Cr. Nos. 02-1-0089, 02-1-0090, and 02-1-0125, twenty year terms of imprisonment to life with the possibility of parole. Flubacher did not appeal his conviction or sentence in any of the five cases.

On December 13, 2005, Flubacher filed a petition for post-conviction relief pursuant to HRPP Rule 40 and the case was docketed as S.P.P. No. 05-1-0081. Circuit Court minutes indicate that the petition was denied on the day it was filed but no written order was entered denying the petition.

On January 27, 2014, and on August 21, 2014, Flubacher filed the instant Petition and Amended Petition. Flubacher stated four grounds for relief in the Amended Petition. On April 2, 2015 the Circuit Court issued its Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody Without a Hearing which denied the Petition and Amended Petition.

The Circuit Court did not err in denying Flubacher's Petition and Amended Petition without a hearing. Flubacher is not entitled to direct application of *Apprendi*, *Ring*, or *Cunningham* because he did not appeal any of his convictions and thus they became final in 2003. Accordingly, the only mechanism by which Flubacher may challenge his sentences is a petition under HRPP Rule 40.

Flubacher appears to claim that *Apprendi* and *Ring* should apply to his sentencing, but does not include *Blakely* and *Booker* because those cases were decided after his convictions became final. Flubacher asserts that his case is distinguishable from *Loher*. We disagree. In *Loher*, this court stated that we need not decide whether *Cunningham* was applicable because Loher's conviction was final on July 20, 2003, "long before the Supreme

3

Court's decision in *Blakely* and *Booker*." *Loher*, 118 Hawai'i at 537-38, 193 P.3d at 453-54. Thus, this court then determined that it did not need to look further than *Blakely* and *Booker*, both of which do not apply retroactively on collateral review, because, Loher's sentence was finalized before both decisions. *Id.* Similarly, Flubacher's conviction was also finalized in 2003 and, therefore, this court need not decide whether *Cunningham* was applicable. Thus, Flubacher's contention is without merit.

Flubacher's contention that the Circuit Court erroneously considered the fact that he hit one of his victims with a hammer was waived. Haw. R. Penal P. 40(a)(3). Flubacher states that during his sentencing hearing on September 12, 2003, his counsel contested the claim that he hit a witness with a hammer. However, Flubacher did not appeal his conviction or sentence in 2003, has failed to present any facts to rebut the presumption that the failure to raise the issue was made knowingly, and does not prove the existence of the extraordinary circumstances to justify his failure to raise the issue. Haw. R. Penal P. 40(a)(3); *Stanley v. State*, 76 Hawai'i 446, 451, 879 P.2d 551, 556 (1994).

Even if the argument was not waived, there is evidence in the record that Flubacher hit the victim with a hammer. On the Guilty Plea form in Cr. No. 01-1-2789 which was signed by Flubacher on June 12, 2003, it states, "On 12/4/01, in the City & County of Honolulu, State of Hawaii, I kicked a woman in the face, hit 2 men with a hammer, and stabbed one man in the knee, causing serious bodily injuries to each. By force, I took the woman's purse and her father's car, all without permission." Furthermore, during Flubacher's sentencing hearing, a witness stated that Flubacher "hit me in the face with a hammer." In sum, there was evidence in the record to support the Circuit Court's statement that Flubacher hit the victim with a hammer. See *Stanley*, 76 Hawai'i at 449, 879 P.2d at 554 (quoting *State v. Allen*, 7 Haw. App. 89, 92, 744 P.2d 789, 792 (1987) ("Where examination of the record of the trial court proceedings indicates that the petitioner's allegations shown no colorable claim, it is not error to deny the petition without a

hearing.")).

Therefore, the Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody Without a Hearing, filed on April 2, 2015, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, September 16, 2016.

On the briefs:

Robert Flubacher,
Pro Se Petitioner-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge